# In the United States Court of Federal Claims

No. 06-744C

**FILED UNDER SEAL**

(Filed: November 17, 2006)

---

| | |
|---|---|
| BANNUM, INC., | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |

---

**ORDER**

---

This case is before the court on plaintiff's renewed motion for expedited discovery. After careful consideration of the parties' filings regarding this matter, and for the reasons described below, the court **GRANTS**, in part, and **DENIES,** in part, this motion.

In cases involving judicial review based "upon the administrative record," this court, absent exceptional circumstances, confines itself to the record created in the proceedings below. As stated in *Aero Corp., S.A. v. United States*, 38 Fed. Cl. 408 (1997):

> [T]he court's review generally should be based upon an examination of the 'whole record' before the agency, *i.e.*, the material that was developed and considered by the agency in making its decision. . . . The focal point for judicial review therefore 'should be the administrative record already in existence, not some new record made initially by the reviewing court.'

*Id*. at 410-11 (quoting *Camp v. Pitts*, 411 U.S. 138, 142, (1973)). *See also Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) (where a record in an arbitrary and capricious review is incomplete, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation. The reviewing court is not generally empowered to

conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry."); *FCC v. ITT World Communications, Inc.*, 466 U.S. 463, 469 (1984). This principle "exerts its maximum force when the substantive soundness of the agency's decision is under scrutiny." *Esch v. Yeutter*, 876 F.2d 976, 991 (D.C.Cir. 1989); *see also Murakami v. United States*, 46 Fed. Cl. 731, 734 (2000).

Nonetheless, limited exceptions exist under which an administrative record may be supplemented. Thus, some decisions hold that a court may consider "extra-record" evidence:

> (1) when agency action is not adequately explained in the record before the court; (2) when the agency failed to consider factors which are relevant to its final decision; (3) when an agency considered evidence which it failed to include in the record; (4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly; (5) in cases where evidence arising after the agency action shows whether the decision was correct or not; (6) in cases where agencies are sued for failure to take action . . . and (8) in cases where relief is at issue, especially at the preliminary injunction stage.

*Cubic Applications, Inc. v. United States*, 37 Fed. Cl. 339, 342 (1997) (quoting *Esch*, 876 F.2d at 991). *See also Marine Hydraulics Int'l, Inc. v. United States*, 43 Fed. Cl. 664, 670 (1999). The undersigned has expressed considerable doubt as the validity of certain of these factors. *See*, *e.g.*, *Murakami*, 46 Fed. Cl. at 736. Nonetheless, to the extent valid, the *Esch* exceptions to the general rule against extra-record evidence are based upon necessity, rather than convenience, and should be triggered only where the omission of extra-record evidence precludes effective judicial review. As some of the cases upon which *Esch* relied emphasize, the construction of these exceptions "must be extremely limited," *American Mining Congress v. Thomas*, 772 F.2d 617, 626 (10th Cir. 1985), *cert. denied*, 476 U.S. 1158 (1986), lest the admission of evidence not considered by the agency below and its consideration by the court convert the "arbitrary and capricious" standard into effectively *de novo* review. *See, e.g., Lizut v. Dept. of the Army*, 717 F.2d 1391, 1396 (Fed. Cir. 1983); *Murakami*, 46 Fed. Cl. at 734-35.

Plaintiff argues that supplementation of the record is necessary to provide for meaningful review. But, even under the *Esch* exceptions, the nature of the deficiencies in the record is important, for, in some circumstances, the failure of the agency to explain the rationale for its decision may simply lead to that decision being set aside. *See*, *e.g.*, *Florida Power*, 470 U.S. 729, 744; *Motor Vehicle Mfrs. Ass'n of the United States v. State Farm Mut. Automobile Ins. Co.*, 463 U.S. 29, 43 (1983). That said, the court does not believe that any of the depositions requested by plaintiff are necessary to provide meaningful review. Indeed, it appears that all of those depositions are designed to probe statements, reasoning and rationales already contained in the record or to develop facts that, at best, are tangentially related to the matter at hand. In particular, the court will not allow these depositions to proceed based upon plaintiff's claim that the officials involved were animated by improper motivations – at least at this point, plaintiff's description of the evidence currently in the administrative record does not provide the sort of

showing required to develop this topic through depositions. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (courts may look beyond the administrative record where there is "a strong showing of bad faith or improper behavior"). Others of the requested depositions appear to be targeted on developing a further understanding of the reasoning for particular decisions reflected in the record – in the court's view, the record speaks (or does not speak) for itself on these counts and will be judged accordingly.

The court, however, does not reach the same conclusion regarding plaintiff's document requests. In the court's view, many of these requests are in the nature of ensuring the completeness of the record. In particular, the court agrees that the administrative record here should contain all agency electronic messages regarding the subject procurement, including those of all the individuals involved in evaluating the proposals and any communications regarding the procurement made to those individuals or to anyone else involved in the procurement decision. Defendant's response to plaintiff's motion suggests that its view of the e-mails relevant here is unduly narrow. The court, however, is not prepared to order the production of all metadata associated with these and other e-mails in the administrative record, as plaintiff has failed to describe, with adequate particularity, which of the dozens and perhaps hundreds of items of metadata associated with the e-mails relevant to this case should be produced. Defendant, however, shall ensure that, for all e-mails in the record, the copy of the document provided reveals all metadata that ordinarily would be visible either to the sender or recipient of such e-mails. *See Williams v. Sprint/United Management Co.*, 230 F.R.D. 640, 651 (D. Kan. 2005).

The court grants, in part, plaintiff's request for drafts of decision or evaluation documents. Several cases hold that such documents should be produced, if not subject to a privilege. *See Spiller v. Walker*, 2002 WL 1609722 at *6 (W.D. Tex. 2002) ("If a draft document is not protected by the deliberative process privilege, it should be included in the administrative record."); *Public Citizen v. Heckler*, 653 F. Supp. 1229, 1237 (D.D.C. 1987). Contrary to defendant's claim, in this court's view, paragraph 22 of Appendix C of the RCFC does not contain an exhaustive list of all that documents that may belong in the administrative record, but merely references those that are "core." Nonetheless, the court does not believe that every draft produced in the context of the procurement at issue need be produced. Rather, the only drafts that should be included in the administrative record are those that contain information that formed the basis of the selection decision here or information that is not included in any other document in the administrative record. *See Town of Norfolk v. U.S. Army Corps of Engineers*, 968 F. 2d 1438, 1456 (1st Cir. 1992); *United States v. Iron Mountain Mines, Inc.*, 987 F. Supp. 1250, 1258 (E.D. Cal. 1997). The court reemphasizes that any other documents relating to this procurement that have not yet been produced must be produced, whether specifically described in paragraph 22 of Appendix C, or not.

Lastly, the court addresses plaintiff request for documents relating to an internal affairs investigation of Bannum. Plaintiff asserts that these documents may reveal whether animus was directed at it or whether agency personnel otherwise engaged in inappropriate conduct with respect to this procurement. To determine whether these documents are relevant to the instant

case, the court will order that the final report generated by this investigation (or its equivalent) be produced for an *en camera* review.

Based on the foregoing:

1. Plaintiff's motion to conduct depositions in this case is hereby denied.

2. On or before November 27, 2006, defendant shall file a supplement to the administrative record that contains the following:

   i. copies of all the electronic mail described above, with the metadata revealed as indicated;

   ii. copies of all the draft decision or evaluation documents described above;

   iii. any other documents relevant to this case that have not yet been produced.

3. On or before November 27, 2006, defendant shall supply to chambers, for an *en camera* review, the final report of internal affairs investigation of Bannum or such other documents as are the equivalent.

4. In all other regards, plaintiff's renewed motion for expedited discovery is hereby denied.

5. The court will, by separate order, modify slightly the schedule previously established for the resolution of this matter.

**IT IS SO ORDERED**.

s/ Francis M. Allegra
Francis M. Allegra
Judge